NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SHAUKAT ALI, | : | **Hon. Dennis M. Cavanaugh** |
| | : | |
| Plaintiff, | : | **OPINION** |
| | : | |
| v. | : | Civil Action No. 11-cv-2528 (DMC-JAD) |
| | : | |
| JOSEPH N. DIVINCENZO, JR., et al., | : | |
| | : | |
| Defendants. | : | |

DENNIS M. CAVANAUGH, U.S.D.J.

This matter comes before the Court upon the Motion of Defendants Joseph N. Divincenzo, Jr. ("Divincenzo"), Roy L. Hendricks ("Hendricks"), Essex County Correctional Facility ("ECCF"), and Sergeant Florio ("Florio") (collectively, "Defendants") to Dismiss the Complaint of Plaintiff Skaukat Ali ("Plaintiff"), pursuant to FED. R. CIV. P. 12(b)(6). ECF No.16. Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendants' Motion is **granted**.

## I.     BACKGROUND

This matter concerns Plaintiff's attempt to visit his friend, Datala Kuldeep Singh ("Singh"), an inmate at ECCF. Plaintiff is Pakistani American residing in Jersey City, NJ. Compl.¶¶ 1, 9, ECF No. 16-1.[1] Divicenzo is the County Executive of the County of Essex, who Plaintiff states "funds

---

[1] The Complaint is also available on the Docket as ECF No. 1. That version, however, is incomplete, and the Court therefore refers to the version attached to Defendants' Motion.

the operation of [ECCF]."  Compl. ¶ 2.  Hendricks is the Warden of ECCF.  Compl. ¶ 3.  Florio is, according to Plaintiff, the "[i]information desk supervisor" of ECCF.  Compl. p. 1.

Plaintiff alleges that on May 2, 2009, Defendants did not allow him to visit Singh.  Compl. ¶ 5.  Plaintiff indicates that although he had a written note from Singh stating that visiting hours were from 11:15 a.m. to 2:45 p.m., a corrections officer informed him that visitation hours were from 3:15 p.m. to 6:45 p.m., and that he would have to wait to see Singh.  Compl. ¶ 6.  Plaintiff states that he waited until 3:15 p.m., but was denied access to the elevator used for visitation hours.  Compl. ¶ 7.  Plaintiff states that he continued to wait until 4:30 p.m., but each time he sought access to the elevator, a female employee working at the information desk "made fun of plaintiff," and denied him access to the elevator.  Compl. ¶ 8.

Based on this conduct, Plaintiff alleges that Defendants violated his First Amendment rights to freedom of speech and association, and his Fourteenth Amendment rights to equal treatment.  Compl. ¶¶ 10, 11.  Plaintiff further states that Defendants' conduct caused him to suffer "emotional injuries."  Compl. ¶ 12.  The remainder of Plaintiff's Complaint includes general allegations concerning Defendants' duties, the capacity in which each Defendant is sued, that Defendants were acting under color of law, and that Defendants harbored a certain racial animus towards Plaintiff and others.

Plaintiff filed his Complaint with this Court on May 2, 2011, seeking relief under 42 U.S.C. §§ 1981 and 1983, including compensatory damages, punitive damages, pre-judgment and post-judgment interest, attorneys' fees and costs, and for such other relief as the Court may deem just and proper.  Compl. ¶ 5, p. 11.  Plaintiff requested that Default be entered against Defendants on September 22, 2011.  ECF No. 10, 11.  Defendants moved to Vacate  Default on September 23,

2011, and this Court granted that Motion on October 20, 2011.  Defendants thereafter filed the present Motion to Dismiss on November 4, 2011.  Plaintiff filed his response on November 15, 2011.  ECF No. 17.  Defendants filed their Reply on December 1, 2011.  ECF No. 18.  The matter is now before this Court.[2]

## II.     STANDARD OF REVIEW

In deciding a motion under Rule 12(b)(6), the district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]."  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008).  "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id.  To survive a motion to dismiss, the complaint must state a plausible claim.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).  Thus, assuming that the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above a speculative level."  Bell Atl. Corp., 550 U.S. at 555.

## III.    DISCUSSION

At the outset, the Court notes that the Complaint falls well short of the pleading standards set forth in Iqbal and Bell Atl. Corp., even granting Plaintiff significant leeway for his pro se status.

_____

[2] Plaintiff filed a Sur-Reply on December 15, 2011.  ECF No. 19.  In its discretion, however, the Court will not consider that submission.

Plaintiff makes no specific allegations against Divincenzo, other than to recite his official position. Similarly, Plaintiff provides no specific factual allegations against Hendricks or Florio.  Simply put, Plaintiff has not provided sufficient factual allegations to raise his right to relief against those specific Defendants above a speculative level.  The Complaint may therefore be dismissed against those Defendants for failure to plead a cause of action under the standards set forth in Iqbal and Bell Atl. Corp.

Further, Plaintiff has not properly pled a cause of action against ECCF.  As courts of this Circuit have noted, "it is well-settled that a prison or correctional facility is not a person that is subject to suit under federal civil rights laws."  Regan v. Upper Darby Twp., No. 06-1686, 2009 U.S. Dist LEXIS 19807, at *14-20 (E.D.Pa. Mar. 11, 2009).  Indeed, a recent Opinion from this District affirmed that the ECCF is not a person, and therefore not amendable to suit, under Section 1983. See  Antoine v. Belleville Mun. Court, No. 10-1212, 2010 WL 2989991, at *4 (D.N.J. July 27, 2010) (granting motion to dismiss).  Accordingly, the Complaint may be dismissed against ECCF for failure to state a cause of action.

Plaintiff's failure to fulfill pleading standards and his attempt to sue an entity not contemplated by Section 1983 are not the only reasons the Complaint will be dismissed.  As has been noted previously in this Circuit, "[i]t is doubtful that convicted prisoners or those who wish to visit with them, including family and spouses, have a constitutional right to visitation."  Buehl v. Lehman, 802 F.Supp. 1266, 1270 (E.D.Pa.1992) (citing Mayo v. Lane, 867 F.2d 374, 375–76 (7th Cir.1989)); see also  Thorne v. Jones, 765 F.2d 1270, 1273–74 (5th Cir.1985) (holding no First Amendment associational right to visitation); Smith v. Matthews, 793 F.Supp. 998 (D.Kan.1992) (holding no constitutionally protected liberty interest of spouse or inmate husband to prison visitation); White

v. Keller, 438 F.Supp. 110, 115–18 (D.Md.1977) (holding neither prisoners nor prospective visitors have constitutional right to prison visitation), aff'd., 588 F.2d 913 (4th Cir.1978).  Plaintiff's Complaint, at bottom, seeks redress under Section 1983 for First and Fourteenth Amendment violations.  As the above noted case law makes plain, however, Plaintiff has no constitutionally protected interest in visiting his incarcerated friend.  Accordingly, Plaintiff has not stated a cause of action upon which relief may be granted.

IV.   **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss the Complaint is **granted**.


 S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:       June  12  ,  2012
Orig.:      Clerk
cc:         All Counsel of Record
            Hon. Joseph A. Dickson, U.S.M.J.
            File